In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-2331

DAMIEN G. TERRY,

*Plaintiff-Appellant,*

*v.*

MARK SPENCER, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 17-CV-1079 — **Harold A. Baker**, *Judge.*

SUBMITTED APRIL 12, 2018[*] — DECIDED APRIL 27, 2018

Before FLAUM, SYKES, and HAMILTON, *Circuit Judges.*

SYKES, *Circuit Judge.* Damien Terry, an Illinois prisoner proceeding pro se, sued prison officials and corrections administrators under 42 U.S.C. § 1983 claiming that they were

[*] The appellees were not served and are not participating in this appeal. We resolve this case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

deliberately indifferent to a painful tumor on his neck and prevented him from timely filing suit on that claim. A district judge screened the case, *see* 28 U.S.C. § 1915A, held a "merit-review hearing," *see Hughes v. Farris*, 809 F.3d 330, 334–35 (7th Cir. 2015), and dismissed the complaint, ruling that it impermissibly joined two unrelated sets of claims against different defendants. The judge gave Terry 30 days to replead.

Terry instead moved for reconsideration, citing Rule 59(e) of the Federal Rules of Civil Procedure. He explained that his claims were not unrelated and his complaint should not have been dismissed on that ground. The judge denied the motion, observing that Rule 59(e) does not permit reconsideration of a nonfinal order of dismissal. The judge then entered judgment ending the case, and Terry appealed.

We reverse. The judge misunderstood his discretion to entertain Terry's reconsideration motion. Though Rule 59(e) did not apply, a district judge may reconsider an interlocutory order at any time before final judgment. And the judge should have done so here; reading the complaint generously, Terry's claims are related.

We also note an anomaly in this record and invoke our supervisory authority to guard against its recurrence. We have upheld the use of so-called merit-review hearings at § 1915A screening, but we've cautioned that this unusual procedure must be strictly limited to "enabling a *pro se* plaintiff to clarify and amplify his complaint." *Id.* at 335. We have also explained that a transcript or other recording must be made. *Henderson v. Wilcoxen*, 802 F.3d 930, 932–33 (7th Cir. 2015). This record contains no transcript or digital recording of the judge's merit-review hearing; indeed, it's unclear from the docket whether it was recorded at all. We now require district judges

who use this procedure to docket a transcript or a digital recording of the hearing.

## I. Background

The complaint alleges two sets of facts, which we accept as true at this stage. *See Oakland Police & Fire Ret. Sys. v. Mayer Brown, LLP*, 861 F.3d 644, 649 (7th Cir. 2017). Terry claims that officials at two Illinois prisons—the Tamms Correctional Center and the Pontiac Correctional Center—were deliberately indifferent to his requests for treatment of a tennis ball-sized growth on the back of his neck and head. The tumor, which he first noticed in 2006, caused "pain, blurred vision, lack of sleep, and mania." He repeatedly sought treatment for the tumor and in 2012 specifically asked to be referred for surgery to remove it, but his requests were denied or ignored.

Terry waited until 2017 to file this suit seeking relief for the failure to treat his tumor. The defendants are various prison officials and corrections administrators, including an unnamed Jane Doe. Terry alleges that some of the defendants were deliberately indifferent to his serious medical needs and others interfered with his right to file suit. Regarding the latter set of claims, Terry alleges that he tried to file suit in December 2015 and March 2016 to redress the failure to treat his tumor but was stymied when prison staff intentionally "lost" his legal mail.

The judge screened the complaint and scheduled a merit-review hearing. Terry appeared from prison by videoconference. After the hearing the judge dismissed the complaint. As the judge understood the case, Terry was asserting two unrelated sets of claims—one for deliberate indifference to his serious medical needs and one for interference with his right

to access the courts. The judge identified three deficiencies in the complaint: (1) it impermissibly "join[ed] unrelated defendants and unrelated claims into a single complaint"; (2) the two-year statute of limitations for § 1983 claims in Illinois barred the deliberate-indifference claims against some of the defendants, *see* 735 ILL. COMP. STAT. 5/13-202; and (3) Terry's claims against the corrections administrators failed because those defendants "had no constitutional duty to intervene, [to] respond to his letters, or to approve his grievances."

Terry promptly filed a motion invoking Rule 59(e) and seeking reconsideration of the dismissal order. He argued that all of his claims were in fact related because the interference with his right to access the courts both explained and excused the possible untimeliness of his deliberate-indifference claims.

On the day the 30-day period to amend the complaint expired, the judge denied Terry's reconsideration motion in a cursory text order. The judge stated that because the court had not yet entered final judgment, "Federal Rule of Civil Procedure 59 does not provide a basis for [p]laintiff to ask the Court to reconsider its Merit Review Order." The order also said that Terry "should file an Amended Complaint that cures the deficiencies noted by the Court in its Merit Review Order." A week later the judge closed the case, noting that Terry had not filed an amended complaint.

## II. Analysis

Terry argues that the judge should have granted reconsideration and reinstated his case because the two sets of claims

alleged in his complaint are factually and legally related. We agree.

First, the judge correctly observed that Rule 59 is not the right procedural hook for seeking reconsideration of a nonfinal order. But pro se filings should be read liberally. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Looking past the label, Terry's motion plainly sought reconsideration of the judge's nonfinal dismissal order, and district judges may reconsider interlocutory orders at any time before final judgment. *See Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015); *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012). Because the judge focused solely on the motion's label rather than its substance, we cannot be sure that he appreciated his authority to revisit the interlocutory dismissal order. *See Koon v. United States*, 518 U.S. 81, 100 (1996) (recognizing that the trial court "by definition" abuses its discretion when it misapprehends law).

As for the substance of the motion, the judge should have granted reconsideration and allowed the case to go forward. The judge misread the complaint as alleging that the interference with Terry's legal mail caused him to miss an unspecified court-imposed deadline. But what the complaint actually contends is that the interference with his legal mail prevented him from filing the tumor-related claims within the statute of limitations. Generously construed, the allegations about lost mail represent both a separate claim *and* an anticipatory response to a statute-of-limitations defense to the deliberate-indifference claims. The two sets of claims are against different defendants, but they belong in the same suit because they arise out of the same set of connected "transactions." FED. R. CIV. P. 20(a)(2)(A); *Wheeler v. Wexford Health Sources, Inc.*,

689 F.3d 680, 683 (7th Cir. 2012). Joining these related claims in one suit is not the "scattershot" litigation strategy we have criticized in the past. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The judge also prematurely concluded that the statute of limitations bars Terry's deliberate-indifference claims. The judge correctly recognized that Terry's complaint focuses mostly on events that occurred between 2006 and 2012. But as Terry pointed out in his motion to reconsider, "a federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process." *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001).

Terry alleges that despite his best efforts, he did not finish exhausting his administrative remedies until March 2014. His complaint further alleges that he would have filed suit within two years of that date if prison staff had not twice intentionally lost his legal mail. Given these allegations, which the judge did not acknowledge, we cannot say that a potential statute-of-limitations defense is "so plain from the language of the complaint … that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002).

That said, Terry's complaint does not appear to state a claim against several Department of Corrections administrators, and he does not challenge that aspect of the judge's dismissal order. But if on remand Terry tries again to assert claims against the corrections administrators, he must explain how each personally participated in violating his rights. *See Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012); *Knight v. Wiseman*, 590 F.3d 458, 462–63 (7th Cir. 2009).

One final matter remains. As we've explained, the judge dismissed Terry's complaint after a so-called merit-review hearing. We have upheld the use of this unusual procedure, but only "for the narrow purpose of enabling a *pro se* plaintiff to clarify and amplify his complaint if it is confusing; the district judge may not use the hearing[] to cross-examine a plaintiff or elicit admissions." *Hughes*, 809 F.3d at 334–35. We have also explained that the judge must ensure that the hearing is recorded either by a court reporter or a digital recording. *See id.* at 334; *Henderson*, 802 F.3d at 932–33. This record does not contain a transcript or digital recording of the judge's merit-review hearing. Nor does a transcript or a digital recording appear on the district-court docket. The docket does not show whether the hearing was recorded at all.

Our supervisory authority permits us to require district judges to observe "procedures deemed desirable from the viewpoint of sound judicial practice although in no-wise commanded by statute or by the Constitution." *Thomas v. Arn*, 474 U.S. 140, 146–47 (1985) (quoting *Cupp v. Naughten*, 414 U.S. 141, 146 (1973)); *see also Lemons v. Skidmore*, 985 F.2d 354, 356 (7th Cir. 1993). Invoking this authority, we now hold that a judge who conducts a merit-review hearing in order to clarify a pro se complaint at § 1915A screening must docket either a transcript of the hearing, prepared at public expense if the plaintiff's indigency warrants, or a digital recording of the hearing.

We REVERSE and REMAND for further proceedings consistent with this opinion.