In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-2498

BOBBI KILBURN-WINNIE,

*Plaintiff-Appellant*,

and

MICHELLE ALLEN-GREGORY,

*Appellant*,

*v.*

TOWN OF FORTVILLE, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:15-cv-01784-RLY-MPB — **Richard L. Young**, *Judge.*

ARGUED APRIL 11, 2018 — DECIDED MAY 30, 2018

Before BAUER, SYKES, and BARRETT, *Circuit Judges*.

BAUER, *Circuit Judge*.  Bobbi Kilburn-Winnie and Michelle
Allen-Gregory (collectively, "Appellants") filed suit against the

Town of Fortville, Indiana, Fortville Waterworks, and Fortville
Utilities (collectively, "Fortville"), alleging that their Four-
teenth Amendment procedural due process rights were
violated when Fortville disconnected their water service. The
district court granted summary judgment in favor of Fortville,
holding that *res judicata* barred Appellants' claim because the
parties had settled a prior class action that involved the same
claim. We affirm.

## I. BACKGROUND

In July 2014, Allen-Gregory filed a putative class action
alleging that Fortville violated the class members' Fourteenth
Amendment right to procedural due process when it termi-
nated their water service without affording them a hearing.
*See Allen-Gregory v. Town of Fortville*, No. 1:14-cv-01148-RLY-
DML (S.D. Ind.) ("*Fortville I*"). Two months later, the class
filed a motion for preliminary injunction to prevent Fortville
from disconnecting any customer's water without a hearing.
In response, Fortville revised its notice and disconnection
procedures, instituting a hearing process effective November
2014. In December 2014, however, the class plaintiffs filed
another motion for preliminary injunction, alleging that the
new procedures still did not comport with due process.

On January 23, 2015, while that motion was pending, the
parties agreed to the terms of settlement at a settlement
conference, which was later reduced to a formal written
agreement. On September 10, 2015, the district court entered an
order granting final approval of the settlement agreement and
dismissing the case with prejudice. Though the case was fully
resolved at that point, the district court entered another order

twelve days later dismissing as moot both motions for prelimi-
nary injunction.

The settlement agreement stated that its purpose was to
"fully, finally, and forever resolve, discharge and settle all
claims released herein on behalf of the named plaintiffs and
the entire class." It defined the class and class members as
"[a]ll customers of the Town of Fortville, Fortville Utilities
and/or Fortville Water Department from July 9, 2012 through
October 31, 2014 who had their water service terminated and
who paid a reconnection fee to reestablish their water service."
The agreement included an expansive and global release of all
claims, stating, as relevant to this case:

> Named Plaintiffs and the Class will release any
> and all claims against [Fortville] and any related
> entities which claims relate to the actions alleged
> to have violated the due process provision of the
> 14th Amendment to the Constitution of the
> United States, including pre-litigation, litigation,
> and post-litigation activities. The claims released
> by Named Plaintiffs and the Class will include
> all claims that were or could have been raised in
> [*Fortville I*].

Allen-Gregory received settlement proceeds as a member
of the class, as well as an additional award for acting as the
named plaintiff and class representative. Kilburn-Winnie was
a member of the class based upon water disconnections that
occurred in February and June of 2014, and she received
settlement proceeds pursuant to the agreement.

In November 2015, Kilburn-Winnie filed the instant case alleging that Fortville disconnected her water service again as a result of her failure to pay her water bill on time in March and April of 2015. The complaint was later amended to add Allen-Gregory as a named plaintiff and include allegations that she had her service disconnected in December 2015 because she failed to pay her bill on time. The amended complaint claimed that the hearing procedures Fortville implemented in November 2014 were so complicated and burdensome that they violated Appellants' Fourteenth Amendment procedural due process rights.

Fortville moved to dismiss the complaint, citing the release of claims in the settlement agreement in *Fortville I*. The district court converted the motion into one for summary judgment and proceeded to analyze whether the terms of the release acted as a waiver of Appellants' due process rights. It held that Allen-Gregory had waived her rights, but Kilburn-Winnie had not because waiver of a constitutional right requires a knowing and voluntary relinquishment, and she did not personally sign the agreement.

Ten months later, however, the court revisited that ruling *sua sponte* and granted summary judgment to Fortville as to both Appellants, but on different grounds. It found that the claim in the present complaint was identical to the claim raised by the second motion for preliminary injunction in *Fortville I*. Therefore, because the claim was completely resolved by way of the settlement agreement, the doctrine of *res judicata* barred the present suit. Appellants timely appealed.

## II. DISCUSSION

We review a grant of summary judgment on *res judicata* grounds *de novo*. *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 470 (7th Cir. 2007). *Res judicata* bars a claim that was "litigated or could have been litigated in a previous action when three requirements are met: (1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (internal quotation marks and citation omitted).

In their brief before this Court, Appellants concede that there is an identity of the causes of action for purposes of this analysis. At oral argument, however, Appellants' counsel seemed to equivocate on that point, so we will briefly address it. "[T]he test for an identity of the causes of action is whether the claims arise out of the same set of operative facts or the same transaction." *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013) (internal quotation marks and citation omitted). The operative complaints in the two cases raise technically different claims. However, there can be no dispute that the claim Appellants raised in their second motion for preliminary injunction in *Fortville I* is identical to the only claim they raise in the complaint in this case. In both instances, Appellants alleged that the new hearing process, implemented in November 2014, violates their Fourteenth Amendment procedural due process rights. It is irrelevant that the claim in *Fortville I* was raised in a motion that was not specifically adjudicated. *See Bell*, 827 F.3d at 706 (*Res judicata* "bars any claims that were litigated or *could have been* litigated in a previous action.") (emphasis added). "[T]he nature of the claims, the legal basis for recovery, the law involved, and the respective factual

backgrounds" are the same, and therefore, there is identity for purposes of *res judicata*. *Bernstein*, 733 F.3d at 227.

The second element, an identity of the parties, is also satisfied, as Appellants again concede. Allen-Gregory was the named plaintiff in *Fortville I*, and Kilburn-Willie was a member of the class who received monies pursuant to the terms of the settlement agreement in that case. Both are named plaintiffs in the instant suit, which names as defendants the same parties as those named in *Fortville I.*

The main issue in this appeal, then, is whether the third *res judicata* element is present. Appellants contend that because the motion for preliminary injunction was dismissed as moot, there was no final judgment on the merits of that claim for purposes of *res judicata*. As support, they cite *DiGore v. Ryan*, where we explained that there is "no reason to conclude that a decision based upon the conclusion that a claim is moot creates a barrier for future litigation." 172 F.3d 454, 466 (7th Cir. 1999), *overruled on other grounds by Whetsel v. Network Prop. Servs., LLC*, 246 F.3d 897 (7th Cir. 2001). However, that argument misapprehends the meaning of the order denying the motion as moot, as well as the effect of the settlement agreement and the ensuing dismissal with prejudice.

When the district court entered an order approving the settlement and dismissing the case with prejudice, the case was completely resolved. The settlement agreement plainly stated that it was intended to "fully, finally, and forever resolve" any and all Fourteenth Amendment due process claims based on any "pre-litigation, litigation, and post-litigation activities" that "were or could have been raised" in *Fortville I.* Although the

court entered a separate order dismissing the preliminary injunction motion as moot, the language of the agreement makes it clear that the motion was only "moot" in the sense that it had already been resolved, along with the entire case.

As explained above (and as Appellants conceded in their brief), the claim raised in this case is materially identical to the claim that provided the basis for their second motion for preliminary injunction. By its explicit terms, the settlement agreement fully resolved that claim. Therefore, the district court's order dismissing the case with prejudice, which specifically incorporated the release language of the settlement agreement, represented a final judgment on the merits of that claim. *See Brooks-Ngwenya v. Indianapolis Public Sch.*, 564 F.3d 804, 809 (7th Cir. 2009) (holding that dismissal with prejudice based on a settlement agreement is a final judgment for purposes of *res judicata*). Accordingly, the requirements of *res judicata* are satisfied, and the present claim is barred.

We must briefly address one final point. Likely because of the district court's initial ruling relying on a waiver analysis, Appellants dedicated a significant portion of their brief before this Court to a discussion of whether the *Fortville I* settlement agreement effectively waived their constitutional rights. That discussion, however, is not relevant to the outcome of this case. Regardless of whether Appellants waived their claim that the new procedures violated their Fourteenth Amendment rights, that specific claim, as it relates to both of them individually, was fully resolved by the terms of the *Fortville I* settlement agreement. Therefore, as we have explained, and as the district court ultimately held, Appellants are not barred from bringing

that claim here because they waived it; they are barred by operation of the distinct doctrine of *res judicata*.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.