In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2945

BARRINGTON MUSIC PRODUCTS, INC.,

*Plaintiff-Appellant,*

*v.*

MUSIC & ARTS CENTER, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:16-cv-00006-RLM — **Robert L. Miller, Jr.**, *Judge.*

ARGUED MARCH 26, 2019 — DECIDED MAY 22, 2019

Before BAUER, ROVNER, and BRENNAN, *Circuit Judges.*

BAUER, *Circuit Judge.* Barrington Music Products (Barrington) sued Music & Arts Centers (Music & Arts), Guitar Center Stores, Inc. (Guitar Center), Woodwind & Brasswind Inc. (Woodwind), and Eastman Music Company (Eastman), for infringing on Barrington's "Vento" trademark with their use of the trademark "Ventus." After being awarded damages for

sales made through eponymous Guitar Center stores only, Barrington moved to amend the judgment to include sales from Music & Arts and Woodwind in the damage calculation. The district court denied Barrington's motion and for the reasons that follow, we affirm.

## I.  BACKGROUND

Guitar Center markets and sells musical instruments. In 2010, it created a new brand of woodwind and brass instruments produced by Eastman—"Ventus." Barrington owns the trademark "Vento," which is used in relation to instruments it sells.[1] Barrington began using its mark in commerce in May of 2009 and achieved gross sales just shy of $700,000. Barrington filed for registration of its "Vento" mark on January 6, 2010. In March 2011, Guitar Center began selling flutes, trumpets, alto saxophones, tenor saxophones, and clarinets using the "Ventus"mark, with gross sales totaling about $5 million. Barrington filed its complaint for trademark infringement naming Eastman and, as separate defendants, Music & Arts, Guitar Center, and Woodwind. The evidence demonstrated the total "Ventus" sales by the latter defendants was:

| | |
|---|---|
| Music & Arts | $ 4,906,292 |
| Woodwind | $    37,680 |
| Guitar Center | $     3,228 |
| Total | $ 4,947,200 |

---

[1] "Ventus" is the Latin word for wind. "Vento" is the Italian word for wind.

The jury found that only the sales made by Guitar Center stores were infringing and awarded Barrington the total amount of Guitar Center sales—$3,228. The jury instructions referred to "defendants" in the plural, and included the following:

> Each defendant bears the burden of proving the direct expenses that it incurred in producing, marketing, and selling the products at issue. If a defendant fails to prove such direct expenses, you must find the amount of its gross revenues as the amount of profits.

After the judgment was entered, Barrington filed a motion pursuant to Federal Rule of Civil Procedure 59(e) asking the district court to amend the damages award. Barrington had discovered that the only distinct corporate entity was Guitar Centers, Inc., while Music & Arts and Woodwind were each divisions of Guitar Center. Barrington moved the court to amend the damages award to $4,947,200, the total sales for the "Ventus" mark by all of the Guitar Center owned stores. The district court denied the Rule 59(e) motion.

## II. LEGAL STANDARD

A Rule 59(e) motion can be granted only where the movant clearly establishes: "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been

presented to the district court prior to judgment." *Id.* at 954 (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)).

We review a district court's denial of a Rule 59(e) motion for an abuse of discretion. *See Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008); *Sigsworth v. City of Aurora*, 487 F.3d 506, 511 (7th Cir. 2007). "A court abuses its discretion only when no reasonable person could agree with the decision to deny relief." *Nelson v. Napolitano*, 657 F.3d 586, 591 (7th Cir. 2011).

A jury verdict will not be set aside "if a reasonable basis exists in the record to support the verdict, viewing the evidence in the light most favorable to the prevailing party, and leaving issues of credibility and weight of evidence to the jury." *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004). A jury's verdict on damages "must stand unless there is no rational connection between the evidence and the jury's award." *McNabola v. Chi. Transit Auth.*, 10 F.3d 501, 516 (7th Cir. 1993).

## III. ANALYSIS

Barrington named each division of Guitar Center as a separate defendant rather than naming only Guitar Center. This error persisted throughout the case and resulted in a verdict form that listed each defendant separately. The jury was instructed to determine whether each defendant violated Barrington's trademark, to list the amount of the damages, and to determine whether the infringement was willful. The jury found that only the sales made through Guitar Center stores were infringing and awarded Barrington the exact amount of the Guitar Center store sales as supported by the evidence.

This error is not cause to amend the judgment under Rule 59(e). The judgment was rationally supported by the evidence, the amount of Guitar Center's sales. The fact that Guitar Center's total revenue from the "Ventus" sales was higher is not significant. The jury found the total amount of infringing sales was $3,228, not $4,947,200. The damages are accordingly based only on the amount of sales the jury found to be infringing, and not the total gross sales of "Ventus" instruments.

Barrington gives us no reason to conclude that the jury's verdict would be different if it were aware Music & Arts and Woodwind were merely divisions of Guitar Center rather than distinct corporations. The jury found Music & Arts and Woodwind did not infringe on the "Ventus" mark and there was no basis to award Barrington their "Ventus" related sales.

## IV.  CONCLUSION

The district court's denial of the Rule 59(e) motion is AFFIRMED.