**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2019[*]
Decided November 22, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19-1115

| | |
|---|---|
| PEDRO DONALDSON, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 1:18-cv-05869 |
| CITY OF CHICAGO, *et al.*, | |
| *Defendants-Appellees*. | Charles R. Norgle, |
| | *Judge*. |

**O R D E R**

For a second time, Pedro Donaldson has brought a federal lawsuit challenging the Chicago police's failure to file a police report after he was allegedly assaulted by a Chicago Transit Authority train operator. At screening, 28 U.S.C. § 1915(e)(2), the district court dismissed the complaint, with prejudice, for failing to state a claim because the Due Process Clause does not establish a right to police assistance. That

---

[*] Appellees City of Chicago, *et al.*, were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

conclusion was correct, but the court did not address whether Donaldson could have amended his complaint to state an equal-protection claim. Res judicata bars any such claim against all but the unnamed defendants in their individual capacities. Thus, we affirm in part, vacate in part, and remand for further proceedings.

In the operative complaint for his first lawsuit, Donaldson alleged that the City of Chicago and CTA worked together to violate his constitutional rights by failing to file or reconstruct a police report about an assault. *See Donaldson v. City of Chicago, et al.*, Case No. 16-cv-10878 (N.D. Ill. Jan. 18, 2018), ECF No. 75. The district court determined that Donaldson had failed to state a claim that the City and CTA were liable under *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), because Donaldson had not alleged that either entity had a policy that caused the wrongful conduct and dismissed the case. ECF No. 105, at 2–4.

In this second lawsuit, Donaldson added as defendants three unnamed police officers and an unnamed CTA supervisor and raised claims that they, along with the City and CTA, violated his rights to "due process of law and equal rights protection" by failing to file or reconstruct a police report about the assault. The district court screened the complaint and dismissed it for failure to state a claim. Construing Donaldson's complaint as asserting a due-process claim only, the court explained that the Due Process Clause confers no right to police assistance. Any amendment to the complaint would be futile, the court concluded, and so it dismissed the complaint with prejudice.

Donaldson twice moved for reconsideration and requested leave to amend his complaint, asserting that defendants had acted in accordance with official policies or customs to deprive him of his rights. The district court denied these motions because Donaldson's "mere disagreement" about whether he had a constitutional right to file a police report was "wholly insufficient" to justify post-judgment relief.[1]

---

[1] The district court construed Donaldson's two motions to reconsider as arising under Federal Rule of Civil Procedure 60(b) because, according to the court's calculation, they were filed more than 28 days after judgment. This was an error—Donaldson filed his motions exactly 28 days after judgment. Although the district court's docket sheet reflects that district judge signed the final judgment on October 25, 2018, the Clerk of Court did not enter the judgment on the docket until October 29, 2018—and it is this latter date that triggers the time for filing a post-judgment motion or appeal. *See Laborers' Pension Fund v. A&C Envtl., Inc.*, 301 F.3d 768, 775 n.5 (7th Cir. 2002).

On appeal, Donaldson maintains that defendants violated his constitutional rights by failing to file a police report and investigate his case in accordance with a departmental policy or custom. But nearly all of the claims Donaldson asks us to revive were already decided in his first lawsuit. Res judicata bars any claim that was litigated or could have been litigated in a previous action arising out of the same operative facts and involving the same parties or their privies that has already been resolved by a final judgment on the merits. *Kilburn-Winnie v. Town of Fortville*, 891 F.3d 330, 332–33 (7th Cir. 2018). Although res judicata is an affirmative defense, sua sponte dismissal on this basis is warranted when, as is the case here, it is plain "from the face of the complaint" that res judicata bars the claims. *See Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 763 (7th Cir. 2016). Donaldson's claims against the City and the CTA in this suit arose from the same set of operative facts—the police's failure to file a report about his alleged assault—as in the prior action, where they were dismissed on the merits. *See Tartt v. Northwest Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006) (dismissal for failure to state a claim is "a final judgment on the merits for res judicata purposes"). He is therefore barred from litigating them anew.

In this suit, however, Donaldson has added four new defendants—three unnamed police officers and a CTA supervisor. Although these defendants—in their official capacities—are in privity with the original defendants, the City and CTA, privity does not extend between the City and CTA and their agents in their individual capacities. *See Gray v. Lacke*, 885 F.2d 399, 405–06 (7th Cir. 1989). Donaldson does not specify whether he wishes to sue these defendants in their official or individual capacities, but we will infer that Donaldson intends to sue them in their individual capacities because he seeks punitive damages, which are available only in individual-capacity suits. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

Because res judicata does not bar Donaldson's claims against the officers in their individual capacities, we turn to the district court's handling of these claims. At screening, the district court dismissed these claims with prejudice because, in its view, amendment would be futile. When a district court denies a plaintiff the opportunity to amend his complaint at least once before dismissing the entire action, as was done here, "its decision will be reviewed rigorously on appeal." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). We agree that Donaldson failed to state

Donaldson's motions should have been construed under Federal Rule of Civil Procedure 59(e), but this error has no effect on our analysis.

a federal due-process claim because he does not have a constitutional right to demand that the police investigate his alleged assault, even by merely completing a police report about the matter. *See Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989)).

But we disagree that Donaldson asserted only one claim. Count I of Donaldson's complaint asserts that officers failed to submit a police report in violation of his rights to "due process of law *and equal rights protection* under the Fourteenth Amendment to the United States Constitution." In his post-judgment motion, Donaldson asserted four times that he was denied "equal protection of the law." It is axiomatic that pro se pleadings should be construed liberally. *See, e.g.*, *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018). While these references to equal protection are merely labels and legal conclusions—which are insufficient to state any kind of claim, *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)—they are nonetheless identifiable. To the extent Donaldson did not adequately develop his equal-protection claim, the district court should have given him an opportunity to supply the missing information—or at least explain why it would have been futile for Donaldson to try to amend his complaint. *See Luevano v. Wal-Mart Stores*, 722 F.3d 1014, 1023–25 (7th Cir. 2013). We have repeatedly emphasized that, before dismissing a case at screening, a district court should give a litigant, especially one proceeding pro se, an opportunity to amend his complaint "unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Tate v. SCR Med. Transp.* 809 F.3d 343, 346 (7th Cir. 2015).

Donaldson's appellate brief suggests that amendment would not be futile. He asserts—for the first time—that officers refused to file a police report on his behalf because he is black. And selective withdrawal of police protection "is the prototypical denial of equal protection," *Hilton v. City of Wheeling*, 209 F.3d 1005, 1007 (7th Cir. 2000). As heavy a burden as Donaldson may face to prove this claim, at the pleading stage we cannot say that amendment would be futile. *See Freeman v. Metro. Water Reclamation Dist.*, 927 F.3d 961, 965 (7th Cir. 2019) (to state an equal protection claim, a plaintiff need only allege mistreatment occurred because of race).

We therefore VACATE the judgment and REMAND for further proceedings with respect to Donaldson's equal protection claim against the unnamed defendants in their individual capacities. We AFFIRM in all other respects.