NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 4, 2020
Decided September 3, 2020

*Before*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-3521

| | |
|---|---|
| AUSTIN WARE, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19 C 3139 |
| ILLINOIS DEPARTMENT OF CORRECTIONS, *et al.*, <br> *Defendants-Appellees*. | John Z. Lee, <br> *Judge*. |

**O R D E R**

Austin Ware, an employee of the Illinois Department of Corrections ("IDOC"), appeals the district court's dismissal of his second suit alleging discrimination, harassment, and retaliation by his employer and others. Because the district court correctly held that the doctrine of claim preclusion barred Ware's second action, we affirm its judgment.

**I**

Ware is an African-American man in his 70s who, at times relevant to this suit, worked for IDOC as a parole commander. He also was a member of the public labor union, American Federation of State, County, and Municipal Employees Council 31 ("AFSCME Council 31"), and served as an executive officer of his local union.

Ware has filed two lawsuits, the first in 2018 and the second in 2019. The 2018 suit (*Ware I*) went to judgment first. In it, Ware and Local Union 3436 brought a putative class action against IDOC, four Department employees, and AFSCME Council 31 and one of its employees. Ware alleged that beginning in January 2016, the Department "targeted, harassed, and punished" Ware and his coworkers "solely based on their race, their association with Local [Union] 3436, and their right to speak about matters of public concern." He added that individual defendants were also involved in the discipline and retaliation directed toward Ware and the putative class members, and that these defendants conspired with AFSCME Council 31 to discriminate against the putative class.

In January 2019, Ware and Local 3436 filed a first amended complaint. The defendants moved to dismiss, but the plaintiffs asked for an opportunity to file another amended complaint, and the district court granted their motion. On May 10, 2019, Ware and Local 3436 filed a second amended complaint. The defendants moved again to dismiss the suit, arguing that Ware's latest amended complaint still failed to state a claim. After Ware and the local union did not respond to the motion and then missed a status hearing, on July 17, 2019, the court dismissed the case with prejudice for failure to prosecute and entered judgment for the defendants. Although the plaintiffs moved to vacate the dismissal two months later, they were unsuccessful. They did not appeal either from the underlying judgment or the denial of their motion to vacate.

On May 9, 2019 (the day before he filed the second amended complaint in *Ware I*), Ware filed *Ware II*, the case that underlies this appeal. He again sued IDOC and the same four Department employees, this time adding age discrimination to his previous allegations of race discrimination and retaliation for "opposing and complaining about unlawful conduct." He specified three main instances of discrimination and retaliation that began in June 2017. First, he contended that the defendants discriminated against him for his union association and for "speaking out about the disparate treatment of himself and other older and non-white [Department] employees." Second, he charged that the defendants falsely accused him of, and briefly suspended him for, allowing unauthorized vendors to attend a staff meeting in July

2017. Third, he accused the defendants of subjecting him to unwarranted discipline in late 2017 when they suspended him for baseless charges of case mismanagement.

The district court granted the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). It ruled that *Ware I* had reached a judgment on the merits, the allegations in *Ware II* arose from the same transaction as those in *Ware I*, and both lawsuits involved "the same litigants." With the three elements of claim preclusion met, the court dismissed the case with prejudice.

## II

The district court came to the right result. We review dismissals of claims blocked by the defense of claim preclusion (referred to in the district court's opinion as res judicata) *de novo. Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016). Although preclusion is an affirmative defense best addressed under Federal Rule of Civil Procedure 12(c), the use of Rule 12(b)(6) here "is of no consequence" because the district court had before it everything necessary to rule on the defense. *Walczak v. Chi. Bd. of Educ.*, 739 F.3d 1013, 1016 n.2 (7th Cir. 2014) (quoting *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010)). Claim preclusion applies to matters previously resolved as well as to issues or theories that could have been raised but were not. See *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 140 S. Ct. 1589, 1594–95 (2020); *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011). As we put it in one opinion, "[c]laim preclusion under federal law has three ingredients: a final decision in the first suit; a dispute arising from the same transaction (identified by its operative facts); and the same litigants (directly or through privity of interest)." *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009) (citations and quotation marks omitted). (Ware acknowledges that the first element is satisfied: He correctly concedes that the district court's dismissal of *Ware I* for want of prosecution was a final judgment on the merits.)

Ware disputes on two grounds the applicability of the third element, identity of the parties. He first argues that claim preclusion cannot apply because *Ware I* named additional defendants (AFSCME Council 31 and an AFSCME employee) not sued in *Ware II*, and so he concludes that the parties in the suits are different. But the presence of additional defendants in the earlier lawsuit is irrelevant. The purpose of the defense of claim preclusion is to prevent parties from relitigating claims against those whom they previously sued, as Ware is attempting to do here. See, *e.g.*, *Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011) ("The fact that the second lawsuit does not include [a party from the first lawsuit] as a defendant does not affect the analysis.").

Second, Ware argues that the parties are different because *Ware I* was a putative class action whereas he brought *Ware II* as "an individual action." That is a distinction

without a difference. As the named plaintiff in *Ware I*, Ware necessarily brought claims "individually" as well as "on behalf of others similarly situated." Ware's position as a putative class representative *and* individual plaintiff in *Ware I* and as the sole plaintiff in *Ware 2* thus satisfies the party identity requirement of claim preclusion. See, *e.g.*, *Kilburn-Winnie v. Town of Fortville*, 891 F.3d 330, 333 (7th Cir. 2018); *White v. Colgan Elec. Co.*, 781 F.2d 1214, 1216 (6th Cir. 1986).

Ware next contends that dismissal on the basis of claim preclusion was improper because the "causes of action" in *Ware I* and *Ware II* are distinct. Ware characterizes *Ware I* as a class suit "involving due process violations with organizational relief being sought," while *Ware II* is "an individual action with claims based on age, race, retaliation, and speech in violation of the Plaintiff's First Amendment rights." The accuracy of these characterizations is questionable, but also irrelevant. To determine whether claims in two suits share an "identity" for purposes of federal claim preclusion, the key question is not the legal theory advanced, but instead whether the two suits arise out of "a common core of operative facts." *Bell*, 827 F.3d at 706 (quoting *Roboserve, Inc. v. Kato Kagaku Co.*, 121 F.3d 1027, 1034 (7th Cir. 1997)); *accord Kilburn-Winnie*, 891 F.3d at 333.

The claims in both *Ware I* and *Ware II* arise from the same set of operative facts, so the second element is met. In both suits, Ware alleges that IDOC improperly targeted, harassed, and disciplined him based on his race, his association with the local union, and in retaliation for speaking on matters of public concern. Furthermore, both operative complaints allege actions from the same period. In *Ware I*, the alleged misconduct occurred after January 2016, and *Ware II* sets the instances of harassment no earlier than 2017. True, the complaint in *Ware II* gives more details about the defendants' alleged discrimination, harassment, and retaliation. But this greater level of detail is subsumed by the general allegations of the defendants' treatment of Ware during the same period in *Ware I*: the operative facts are the same. See *Cole v. Bd. of Trs. of Univ. of Ill.*, 497 F.3d 770, 773 (7th Cir. 2007) (concluding that claim preclusion barred a second suit when "[b]oth Complaints allege[d] roughly the same series of events … [and t]here [was] no indication that the [defendant's] defrauding or harassing conduct described in the two suits were in any way distinct."), *abrog'd on other grounds by Lusby*, *supra*.

Finally, this case exemplifies the importance of applying claim preclusion to prevent duplicative litigation. All the incidents described in *Ware II* occurred months before Ware filed suit in *Ware I* in 2018, and therefore Ware could have included them in *Ware I*. Even if he did not think to do so, he had another chance to include those

allegations during the life of *Ware I.* He filed his last amended complaint in *Ware I* and his new complaint in *Ware II* within *one day* of each other. Yet he split his claims on the same set of facts between the two suits. Splitting claims into duplicative lawsuits is the exact litigation tactic that claim preclusion is designed to prevent. See, *e.g.*, *Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015).

We AFFIRM the judgment of the district court.