NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 1, 2022[*]
Decided April 8, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-3221

| | |
|---|---|
| RAY A. BOVINETT, | Appeal from the |
| *Plaintiff,* | United States District Court for the |
| | Northern District of Illinois, |
| *v.* | Eastern Division. |
| | |
| HOMEADVISOR, INC., et al., | No. 17 C 06229 |
| *Defendants-Appellees.* | |
| | Harry D. Leinenweber, |
| APPEAL OF: MARK BARINHOLTZ | *Judge.* |

**O R D E R**

Attorney Mark Barinholtz incurred sanctions for repeatedly asserting baseless claims and disregarding a court order. He moved, unsuccessfully, for reconsideration

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

and then filed a notice of appeal. The appeal is timely only with respect to the denial of the motion to reconsider. That decision was sound, so we affirm.

Barinholtz represented Ray Bovinett, a model and actor, in an action alleging the unauthorized use of photos of Bovinett. According to the complaint, Bovinett contracted with HomeAdvisor, Inc., to have photos of him used in the company's print advertisements. After a photo shoot in Chicago, Bovinett's talent agent signed a release permitting HomeAdvisor to use the photos "in any media, … including … television commercials," though HomeAdvisor represented that the photos would appear only in print. Yet HomeAdvisor partnered with Hawthorne Direct, LLC, a media company, to feature Bovinett's image in television commercials. Bovinett sought relief against HomeAdvisor and Hawthorne under 14 legal theories.[1]

On the defendants' motions to dismiss for lack of personal jurisdiction and for failure to state a claim, the district judge dismissed the complaint. Notably, the judge concluded that there was no personal jurisdiction over Hawthorne (a limited liability company with a single member who had no relevant ties to Illinois). *See* FED. R. CIV. P. 12(b)(2). The judge explained that the complaint did not specify which allegedly unlawful acts Hawthorne took part in or how Hawthorne directed any activity toward Illinois. The judge also dismissed 11 counts that lacked supporting factual allegations. *See id.* R. 12(b)(6).

Barinholtz then filed an amended complaint on Bovinett's behalf asserting that Hawthorne had "hatched a plot" with HomeAdvisor to use Bovinett's photos in televised commercials. It allegedly chose the Chicago location for the photo shoot; told Bovinett and his talent agent "orally and in text messages" that despite the release, the photos would not appear in televised ads; and "travel[ed] to Chicago" to oversee the photo shoot. The complaint again contained 14 separate theories of relief and set out without meaningful change some counts that had been dismissed.

In light of the assertions about Hawthorne, the judge allowed the parties to take limited discovery about personal jurisdiction and soon after granted Hawthorne's motion to compel discovery because Bovinett's responses were vague and evasive. For example, Bovinett answered every request for admission by stating he was "not in possession of sufficient knowledge or information to admit or deny." Barinholtz

---

[1] The remaining defendant, ANGI Homeservices, Inc., is the successor company to HomeAdvisor and assumed its liabilities.

supplemented the responses after the judge's order, but to add only that Bovinett lacked "direct, in person knowledge" of the subjects.

The defendants moved to dismiss the amended complaint, and the judge granted their motion. First, he dismissed all claims against Hawthorne for lack of personal jurisdiction based on evidence that Bovinett's relevant allegations were untrue: Hawthorne's personnel did not attend or plan the Chicago photo shoot and in fact did not start working on HomeAdvisor's commercials until months after the photo shoot. And according to testimony from Bovinett and his talent agent, no one from Hawthorne ever communicated with them about the photo shoot, the intended use of his photos, or the release. The judge also dismissed 11 counts for failing to state a claim.

With the case pared down to three claims against HomeAdvisor, the defendants all moved for sanctions and costs under Rules 11 and 37 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. They sought sanctions against Barinholtz, arguing that he repleaded frivolous claims, made patently false allegations to establish personal jurisdiction, and disregarded the discovery order. The judge continued the motions, stating that he would rule on sanctions "at the close of the case."

Barinholtz soon withdrew as counsel for Bovinett, and the parties settled and filed a stipulation of dismissal with prejudice. *See* FED. R. CIV. P. 41(a)(1)(A)(ii). The judge then granted the defendants' motions for sanctions. Citing Rule 11(b), the judge highlighted that in addition to repleading baseless claims, Barinholtz persisted in suing Hawthorne after Hawthorne furnished evidence showing no relevant ties to Illinois. Worse, Barinholtz appeared to have made false assertions to establish personal jurisdiction. Even if he did not do so in bad faith, the judge reasoned, Barinholtz inexcusably failed to investigate the jurisdictional facts. The judge determined that sanctions were also warranted under Rule 37(b)(2)(C) because Barinholtz flouted the order to respond to discovery requests and ordered Barinholtz to pay about $17,000 (much less than the defendants' request) to compensate the defendants for time spent on the motions to compel and for sanctions. The judge also ordered Barinholtz to attend 40 hours of continuing legal education: half "on federal civil procedure, including at least one course related to personal jurisdiction," and half on "professional conduct, … such as those offered in the Illinois State Bar Association's Basic Skills for Newly Admitted Attorneys."

Barinholtz timely moved for an extension of time either "to file notice of appeal and/or to request other post-order relief," and the judge granted the motion in part,

extending the time to appeal until October 13, 2020. Barinholtz did not file a notice of appeal but on the day of the deadline, filed a motion to reconsider in which he focused on the merits of the lawsuit and his already-raised objections to sanctions. He argued, for instance, that there was personal jurisdiction over Hawthorne, Rules 11 and 37 did not permit sanctions in this context, and sanctions were "unfair" because the defendants and Bovinett had teamed up to get Barinholtz to pay costs and fees. He also insisted that the defendants deserved sanctions and that requiring him, a seasoned litigator, to attend legal-education courses is demeaning. He requested a reduced monetary sanction (or none at all) and fewer hours of continuing education.

The judge denied the motion to reconsider. He explained that Barinholtz failed to identify any legal or factual error in the sanctions ruling and instead repeated previously rejected arguments about the underlying suit. The judge declined to address these "disheartening" arguments again, pointed Barinholtz to the underlying sanctions order, and repeated that sanctions were warranted for his "egregious" conduct.

On appeal Barinholtz seeks to reverse the entry of sanctions, but the defendants contend that his appeal is timely only with respect to the denial of his motion to reconsider. Because the timeliness of an appeal is jurisdictional, *Bowles v. Russell*, 551 U.S. 205, 206–07 (2007), we address this issue first, *see Steele Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Although prejudgment sanctions orders cannot be appealed until after final judgment is entered, *Cunningham v. Hamilton County*, 527 U.S. 198 (1999), postjudgment sanctions are immediately appealable independent of the merits, *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–98 (1990), provided that the order quantifies the amount of the sanction, *see Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1079 (7th Cir. 2018) (noting that the appeal of a postjudgment sanctions order is timely from the "order actually entering the Rule 11 sanction"). Thus, Barinholtz's appeal was due within 30 days of the entry of sanctions. *See* FED. R. APP. P. 4(a). Because he timely sought and received an extension of time, his appeal was due October 13. But Barinholtz missed this deadline. And his motion to reconsider had no effect on his time to appeal sanctions. *See Blue v. Int'l Brotherhood of Elec. Workers Loc. Union 159*, 676 F.3d 579, 582 (7th Cir. 2012). Accordingly, the notice of appeal filed within 30 days of the denial of the reconsideration motion is timely with respect only to that decision.

Barinholtz's arguments to the contrary are unavailing. First, he contends that the extension of time to appeal also extended the 28-day window to seek relief under Rule 59(e), meaning he could wait to appeal the sanctions until a ruling on that motion. He is wrong about the record and the law. The judge did not extend Barinholtz's time to

file a motion to reconsider; rather, the judge granted an extension only "to file a notice of appeal." Nor could he have: the deadline to file a Rule 59(e) motion cannot be extended. FED. R. CIV. P. 6(b)(2); *Blue*, 676 F.3d at 582. And in any case, Rule 59(e) is inapplicable (as is Rule 60(b), also cited by Barinholtz) because it governs challenges to a judgment, not to orders like a ruling on sanctions. *See Cooter & Gell*, 496 U.S. at 395–98 (holding that a sanctions order is separate from the judgment); *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018) (explaining that Rule 59(e) applies only to a reconsideration of a final judgment, not to other interlocutory or collateral orders). A judge is free to revisit such rulings but doing so does not extend the time to appeal the underlying order.

Second, Barinholtz contends that we may construe his motion for an extension of time as a timely notice of appeal, but we do so only when the motion "was filed within the original 30-day window for a notice of appeal and let the defendant know about his intent to appeal." *Owens v. Godinez*, 860 F.3d 434, 437 (7th Cir. 2017) (citing *Smith v. Barry*, 502 U.S. 244, 248–49 (1992)). Barinholtz's motion for an extension was filed within 30 days of the sanctions order, but it did not signal clear intent to appeal; instead, Barinholtz expressly kept his options open, seeking more time either "to file a notice of appeal and/or … post-order relief." We cannot consider the propriety of the sanctions.

Therefore, we turn to whether the judge unreasonably denied Barinholtz's motion to reconsider sanctioning him. Neither Rule 60(b) nor Rule 59(e) applies to obtaining review of a ruling that is separate from the judgment, but (subject to the doctrine of law of the case) a judge can reconsider a previous ruling such as a sanctions order if there is a compelling reason to do so. *See Terry*, 888 F.3d at 893; *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015). A judge abuses his discretion only when no reasonable person could agree with the decision to deny relief. *Barrington Music Prods., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019).

Here, the judge reasonably ruled that Barinholtz lacked a good reason for vacating the sanctions. He did not cogently explain why his conduct was not sanctionable, he did not demonstrate any mistake of law or fact in the sanctions order, and he provided no excuse or explanation—or apology—for his actions. For example, he did not argue that he complied with the discovery order, that he had a strategic reason for repleading baseless claims (such as preserving them), or that it was reasonable to press claims against Hawthorne after it showed that it had no ties to Illinois generally and did not take part in any alleged offense that occurred there.

Instead, Barinholtz dedicated most of his motion to arguments that the judge previously considered and rejected when ruling on sanctions. A judge does not abuse his discretion by refusing to reconsider a litigant's already-rejected contentions. *See Carmody v. Bd. of Trs. of Univ. of Ill.*, 893 F.3d 397, 408 (7th Cir. 2018). In any case, each of his arguments is frivolous. Barinholtz insists, for instance, that the judge erred by saying that Barinholtz falsely alleged that Hawthorne attended the photo shoot. But the amended complaint, which Barinholtz certified, alleges that Hawthorne "travel[ed] to Chicago … to oversee and manage the production and creation of the still photographs and the [s]hoot." And, anyway, the judge did not sanction Barinholtz for a single allegation but for raising a series of baseless assertions about Hawthorne's involvement, failing to investigate his allegations, and pressing them even after it was clear that they were doomed.

Barinholtz also argues that the sanctions were unlawful because Rule 11(d) does not permit sanctions for discovery conduct and Rule 37(c)(2) permits sanctions against parties, not counsel. But the judge imposed Rule 11 sanctions for the assertion of baseless claims and allegations—not discovery violations. Nor did the judge invoke Rule 37(c)(2); the order cites Rule 37(b)(2), which permits sanctions against an attorney for failing to comply with a court order. FED. R. CIV. P. 37(b)(2)(C).

The judge also did not err in rejecting Barinholtz's argument that Bovinett "flipped" to the defendants' side and is now in cahoots with them to get Barinholtz to pay both sides' costs. The parties' settlement agreement states that they must bear their own costs and fees. The amount of the sanction is directly tied to the expenses that the defendants incurred in moving to compel discovery and moving for sanctions: motions necessitated by Barinholtz's conduct. Bovinett is not relieved of any expense, nor does he receive anything, so it would make no sense for him to conspire with the defendants.

Finally, Barinholtz contends that the judge should have imposed fewer than 40 hours of continuing legal education because he has decades of experience. But the requirement directly addresses the sanctionable conduct: Barinholtz raised baseless allegations about Hawthorne's involvement, pursued frivolous claims, and dodged valid discovery requests; it is reasonable that he be ordered to refresh his knowledge in civil procedure and professionalism despite his proficiency in certain areas.

We have considered Barinholtz's other arguments, and none has merit.

AFFIRMED