In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-1965

THE WORD SEED CHURCH and
CIVIL LIBERTIES FOR URBAN BELIEVERS,

*Plaintiffs-Appellants*,

*v.*

VILLAGE OF HOMEWOOD,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:20-cv-04976 — **Sharon Johnson Coleman**, *Judge*.

ARGUED DECEMBER 3, 2021 — DECIDED AUGUST 4, 2022

Before ROVNER, HAMILTON, and JACKSON-AKIWUMI, *Circuit Judges*.

JACKSON-AKIWUMI, *Circuit Judge*. The Word Seed Church and an organization to which it belongs, Civil Liberties for Urban Believers[1], sued the Village of Homewood, Illinois,

---

[1] We refer to the Word Seed Church and Civil Liberties for Urban Believers collectively as "Word Seed."

alleging violations of the Religious Land Use and Institution-
alized Persons Act (RLUIPA) and the Fourteenth Amend-
ment's Equal Protection Clause. The district court dismissed
the suit for lack of standing, and Word Seed subsequently
filed two motions to reconsider—the second of which is the
subject of this appeal. In the second motion, which the district
court considered under Rule 60(b) of the Federal Rules of
Civil Procedure, Word Seed raised for the first time an argu-
ment that could have been raised before the district court en-
tered judgment dismissing the case. The district court there-
fore denied the motion. Because Word Seed fails to show ex-
ceptional circumstances warrant relief from the denial of that
motion, we affirm.

Word Seed is a seven-member congregation that currently
operates from the home of their pastor. In 2020, Word Seed
sought to purchase property for worship services in Home-
wood, but the village's zoning ordinance required Word Seed
to obtain a special use permit. Word Seed sued Homewood
alleging that the special use permit requirement violated
RLUIPA's provisions on equal terms, unreasonable limita-
tions, and substantial burdens, and the Fourteenth Amend-
ment's Equal Protection Clause. The district court, concluding
that Word Seed did not suffer an injury because they did not
apply for a special use permit, dismissed the suit for lack of
standing.

Word Seed subsequently filed two motions to reconsider.
The first motion to reconsider was filed within 28 days after
judgment, so the district court properly considered it under
Rule 59(e). *See* FED. R. CIV. P. 59(e). In the first motion, Word
Seed alerted the district court to two cases issued after the
court's order dismissing the suit; Word Seed argued that

those cases established Word Seed's standing to sue Homewood. The district court disagreed and denied the motion.

Instead of filing an appeal of the court's denial of their Rule 59(e) motion—which would have tolled the 30-day time limit to file an appeal of the judgment, *see* FED. R. APP. P. 4(a)(4)(A); *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014)—Word Seed filed a second motion to reconsider. Because the motion to reconsider was filed more than 28 days after judgment, the district court properly considered the motion under Rule 60(b). *See Banks*, 750 F.3d at 666 (determination of whether a motion to reconsider is construed under Rule 59(e) or 60(b) depends on when the plaintiff files the motion); *see also* FED. R. CIV. P. 59(e); FED. R. CIV. P. 60(c)(1). In the second motion, Word Seed argued for the first time that they would suffer a future injury and pointed the court to a parallel litigation in which they were able to withstand dismissal based on this argument. The district court noted that motions to reconsider do not allow parties to advance arguments that could have been presented before the court enters judgment, and denied the motion.

Word Seed then appealed the underlying judgment and the orders denying their two post-judgment motions. After we inquired about the scope of our court's jurisdiction (given that the time to appeal the underlying judgment and first post-judgment motion had expired), Word Seed clarified that they are appealing only the denial of their Rule 60(b) motion. Despite this concession, Word Seed goes to great lengths to argue standing and issues related to the underlying judgment. To preserve arguments on appeal related to the original judgment, Word Seed needed to file a notice of appeal within 30 days after judgment or the denial of their Rule 59(e)

motion. *See, e.g., Banks*, 750 F.3d at 667; FED. R. APP. P. 4(a)(4)(A). Word Seed did not do that. We therefore do not address the underlying merits of the case. *See Gleason v. Jansen*, 888 F. 3d 847, 852–53 (7th Cir. 2018). Our jurisdiction is limited to whether the district court abused its discretion in denying Word Seed's Rule 60(b) motion. *See In re Cook Med., Inc.*, 27 F.4th 539, 542 (7th Cir. 2022) ("[w]e review a district court's denial of a Rule 60(b) motion under 'an "extremely deferential" abuse of discretion standard'") (citation omitted).

Under Rule 60(b), a court may set aside a judgment for six reasons, including as pertinent here, "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Relief under Rule 60(b) is an extraordinary remedy reserved for extraordinary circumstances. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Eskridge v. Cook Cnty.*, 577 F.3d 806, 809 (7th Cir. 2009).

Word Seed contends that although they failed to argue future injury before judgment was entered in this case, the fact that they withstood dismissal in a parallel litigation—a suit involving a different village and pending before a different district judge in the same federal district—is an extraordinary circumstance that warrants relief. We disagree. As the district court noted, it is well-settled that a motion to reconsider is not the proper vehicle to raise new arguments that could and should have been raised prior to judgment. *See Provident Sav. Bank v. Popovich*, 71 F.3d 696, 700 (7th Cir. 1995); *see also Barrington Music Prod., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019). Word Seed attempts to overcome this well-settled principle by arguing that their successful litigation in a parallel suit constitutes "a significant change in the law." But a decision by another district judge is not controlling precedent, and therefore cannot constitute a significant change in

the law. Disagreement among judges within the same district is neither uncommon nor extraordinary. Even if litigation in a parallel suit could constitute a significant change in law, a litigant can rarely obtain relief under Rule 60(b) simply because later authority shows that one of the judgments may have been incorrect. *Gonzalez*, 545 U.S. at 535-36; *Hill v. Rios*, 722 F.3d 937, 938 (7th Cir. 2013); *see also Dolin v. GlaxoSmithKline, LLC*, 951 F.3d 882, 891 (7th Cir. 2020) (citation omitted) ("'[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)'"). The proper method for resolving different judges' answers about controlling legal rules and principles is through timely appeals. Because Word Seed failed to show any extraordinary circumstances in this case, the district court did not abuse its discretion in denying their Rule 60(b) motion.

                                                                    AFFIRMED