**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 12, 2017[*]
Decided June 12, 2017

*Before*

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 15-3892

| | |
|---|---|
| JAMES OWENS,<br>        *Plaintiff-Appellant,* | Appeal from the United States District Court<br>for the Southern District of Illinois. |
| *v.* | No. 13-530-SCW |
| SALVADOR A. GODINEZ, *et al.,*<br>        *Defendants-Appellees.* | Stephen C. Williams,<br>*Magistrate Judge.* |

**O R D E R**

James Owens, an Illinois state prisoner, brought this suit under 42 U.S.C. § 1983 because he believes that nearly two dozen prison employees deliberately ignored his medical needs and retaliated against him for filing grievances and lawsuits. He is primarily dissatisfied with the adequacy of the toothpaste, mail supplies, and laundry detergent he received at three different prisons over a six-year period. The district court

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

narrowed the list of defendants at screening, see 28 U.S.C. § 1915A, and later granted summary judgment for the remaining defendants. We affirm.

This lawsuit is not the first one in which Owens has tossed into a single complaint a mishmash of unrelated allegations against unrelated defendants. In *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011), we warned that district courts should not allow inmates to flout the rules for joining claims and defendants, see FED. R. CIV. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint. "Unrelated claims against different defendants belong in different suits," *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), we said, apparently to no avail. Here, Owens has again pursued the same scattershot strategy. We urge the district courts to be alert to this problem.

When Owens, who is now 59 years old, entered the Illinois Department of Corrections in 2000, he already had lost two teeth to gum disease. He now wears partial dentures after losing eight more teeth. In this litigation, which he filed in 2013, he attributes his dental problems in part to the inadequacy of the dental supplies he received from May 2006 to May 2008 while incarcerated at Illinois's Hill Correctional Center, from May 2008 to June 2010 at Big Muddy Correctional Center, and from June to December 2010 at Pinckneyville Correctional Center. Owens asserts that the one or two travel-size tubes of toothpaste he received in his indigent kit each month at these three prisons were insufficient in light of his gum disease. And, Owens adds, since 2008 he has not had enough money in his greatly overdrawn commissary account to buy toothpaste.

Owens also complains that he is too poor to purchase laundry detergent and correspondence supplies from the commissary. At Big Muddy, he explains, staff gave him only enough detergent to wash his clothes twice per month. And although he was allowed to purchase postage on credit at all three facilities, it could be used only for legal correspondence. Prison staff denied his grievances about the inadequate detergent and postage. Owens views those denials as retaliation for his earlier grievances and lawsuits.

Owens is trying to hold a large number of defendants, including three former directors of the Department of Corrections, five members of its Administrative Review Board, the wardens of the three prisons, and several grievance officers and counselors, responsible for these slights. Screening the complaint, the district court concluded that Owens did not state a claim against several defendants because he had not alleged their personal involvement in any constitutional violations. Later the court concluded that any claims related to Owens's incarceration at Hill and Big Muddy were barred by the

two-year statute of limitations applicable to section 1983 claims arising in Illinois. See 735 ILCS 5/13-202; *Cesal v. Moats*, 851 F.3d 714, 721–22 (7th Cir. 2017). Those decisions left just two claims for damages that arose while Owens was in Pinckneyville: (1) a deliberate indifference claim against the warden for denying him adequate dental supplies, and (2) a retaliation claim against the warden, a grievance officer, and two counselors for allegedly withholding correspondence supplies as punishment for filing grievances and lawsuits. The court also allowed Owens to pursue a claim against the director of the DOC (then Salvador Godinez) for any continuing violations of his constitutional rights. (The current Director of the Department is John Baldwin, who is the proper defendant for any official-capacity claim.)

After the district court recruited counsel for Owens and the parties consented to proceed before a magistrate judge, see 28 U.S.C. § 636(c), the remaining defendants moved for summary judgment. In granting that motion, the court reasoned that Owens lacked evidence that the warden knew about Owens's gum disease or his need for more toothpaste than the standard amount. Owens's retaliation claims failed, the court said, because Owens admitted that the DOC does not provide postage to *any* inmate except for legal correspondence, and he had introduced no evidence showing that the defendants played a role in distributing indigent mailing supplies. Finally, the court concluded that Owens's claim for injunctive relief became moot after his transfer to a new prison where he received what he regarded as an adequate amount of toothpaste.

Owens now appeals, but we cannot address his arguments without first deciding whether, as the defendants contend, the appeal is untimely. The magistrate judge entered final judgment in this case on October 23, 2015. Twenty-eight days later Owens filed what he entitled a motion for extension of time. That document explained that an unspecified disability and a malfunctioning elevator at the prison had prevented him from going to the law library where his materials for this litigation were stored. Owens says that he had not been negligent in filing a "Rule 60 exception and/or a notice of appeal" and should receive an extension of time "to appeal the court's ruling." The magistrate judge found good cause for Owens's delay and extended the appeal deadline until December 23, 2015. See FED. R. APP. P. 4(a)(5). He missed that deadline, too, by four days: his notice of appeal is dated December 27.

Still, we may construe his request for an extension of time as a notice of appeal, since that motion was filed within the original 30-day window for a notice of appeal and let the defendant know about his intent to appeal the judgment. See FED. R. APP. P. 3(c)(4) ("An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the

notice."); *Smith v. Barry*, 502 U.S. 244, 248–49 (1992) ("If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal."); *Listenbee v. City of Milwaukee*, 976 F.2d 348, 350–51 (7th Cir. 1992) (construing pro se motion for extension of time to appeal as a notice of appeal). We reject the defendants' suggestion that the November 20 motion is ambiguous about Owens's intent to appeal. Owens said there that he was not negligent in filing a notice of appeal *or* a postjudgment motion, and the relief he requested was an extension "of time to appeal the court's ruling." Our appellate jurisdiction is therefore secure.

That brings us to the merits of the appeal. Owens does not challenge the magistrate judge's conclusion that his request for injunctive relief is moot and that he failed to establish a genuine issue of material fact concerning his claims of deliberate indifference and retaliation against the warden, counselors, and grievance officers at Pinckneyville. He thus has waived any appellate claim about those rulings. See FED. R. APP. P. 28(a)(8); *Rahn v. Bd. of Trustees of N. Ill. Univ.*, 803 F.3d 285, 295 (7th Cir. 2015). Instead, Owens now asserts that the DOC is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for its alleged policies of providing inmates inadequate amounts of toothpaste, mail supplies, and laundry detergent. But the DOC, as a state agency, is not a "person" that can be sued under section 1983. See *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989); *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2006). The district court thus correctly dismissed this part of the case.

Next Owens faults the district court for dismissing his claims against the grievance officers and counselors he accused of ignoring his administrative complaints and appeals. We already have told him, however, that the mishandling of his "grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens*, 635 F.3d at 953–54.

Finally, Owens argues that the two-year statute of limitations should not bar him from pursuing claims against the employees at Hill and Big Muddy. Although Owens has not been housed at either facility since June 2010 and did not file suit until June 2013, he insists that the limitations period was equitably tolled because, he says, prison staff impeded his access to the courts from 2009 through 2013. For equitable tolling to apply, Owens would need to show that his ability to file suit was frustrated in "some extraordinary way." See *Rosado v. Gonzalez*, 832 F.3d 714, 717 (7th Cir. 2016) (applying Illinois law); *Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000). He has not done so. As the district court noted in its order dismissing the defendants, Owens engaged in "nearly constant" litigation during 2009 and 2010. See *Owens*, *supra*; *Owens v. Blagojevich*, No. 06-CV-380-DRH (S.D. Ill. Aug. 5, 2009). Moreover, Owens's own brief belies his contention

that he faced especially daunting obstacles from December 2010 through June 2013, when he did not engage in any litigation. For example, he complains that he was allowed "only" five visits to the law library during the six months before he filed his complaint in this case. Yet he never explains why he needed to visit the law library at all to file a complaint. Owens seems to attribute his delay primarily to his not receiving all of his "excess legal boxes" until August 2013. But he does not say what the boxes contained, and their contents cannot have been essential to this litigation because Owens filed his complaint two months before he says he received the boxes.

We have considered Owens's remaining contentions, and none merits discussion.

AFFIRMED.