**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 11, 2019*
Decided February 12, 2019

*Before*

WILLIAM J. BAUER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-1882

| | |
|---|---|
| JAMES OWENS, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
|     *v.* | No. 14-cv-55-NJR-DGW |
| | |
| SANDRA FUNK, | Nancy J. Rosenstengel, |
|     *Defendant-Appellee*. | *Judge*. |

**O R D E R**

James Owens, an Illinois prisoner, sued prison officials at four correctional facilities under 42 U.S.C. § 1983, alleging that they violated his constitutional rights. Among numerous other claims, Owens contends that Sandra Funk, who coordinates the transfer of prisoners, was deliberately indifferent to his safety when she transferred him to Menard Correctional Center, where he had known enemies. The judge granted summary judgment for Funk because Owens failed to exhaust administrative remedies.

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Because the issue of exhaustion is contested, as Funk concedes, we vacate and remand with respect to that issue only. The district judge did not err in dismissing or severing Owens's many other claims, so we affirm the remainder of the judgment.

**I**

Owens initially raised 21 claims against 72 defendants at 4 different prisons for events that spanned 5 years, beginning a decade ago. "As we have told him before, this scattershot strategy is unacceptable under Rule 20(a)(2) of the Federal Rules of Civil Procedure and the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)." *Owens v. Evans*, 878 F.3d 559, 561 (7th Cir. 2017); *see also Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2016); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Owens first discusses problems that occurred from 2008 to 2010. As relevant to this appeal, officers at Big Muddy River Correctional Facility allegedly violated prison policies regarding grievances and refused to let him make photocopies in the library. Owens was transferred to Pinckneyville in 2010. He contends that officers there denied him his right to protective custody.

Owens next describes three events beginning in late 2011, when he was transferred from Pinckneyville to Menard Correctional Center. He first alleges that Funk, the transfer coordinator, deliberately placed him at Menard because of the dangers it posed to him: several inmates at Menard had threatened him in 2005, and Owens had angered some of Menard's staff by suing them. Second, Owens alleges that after he arrived at Menard, the staff assaulted him and later denied him reading materials in segregation. Third, he asserts that, in deliberate indifference to his safety, Menard's staff celled him with an inmate with a high "aggression rating" who stole some of Owens's property. Owens later was transferred from Menard to another prison.

Anticipating a problem with the timeliness of some these claims when he filed this suit in 2014, Owens also alleged an ongoing conspiracy, dating back to 2008, to deny him access to court. He told the district judge that in all four institutions, prison officials conspired to delay or deny his ability to file timely grievances by interfering with his access to the law library, to the copier, and to the grievance forms themselves.

## II

The district judge screened Owens's complaint under 28 U.S.C. § 1915A, dismissed most of the claims with prejudice as untimely, and rejected the "conspiracy" allegations because Owens had been litigating other cases "almost continuously" during the relevant period. The judge granted Owens leave to amend the remaining counts. He filed a pared-down amended complaint against 18 defendants. The judge again screened it and dismissed all but two claims. First, she allowed Owens to litigate his claim against Funk for transferring him to Menard, allegedly in deliberate indifference to his safety. Second, she let him proceed on his claim against Menard guards for assaulting him, but she severed that claim and it is not before us.

Discovery ensued on Owens's transfer claim. Owens asked for recruited counsel, but the district judge denied the request. Funk later moved for summary judgment, arguing that Owens did not exhaust his administrative remedies because he never submitted a grievance about his transfer to Menard, which occurred at the end of 2011. She furnished an affidavit from a member of the Administrative Review Board, which stated that the Board had no record of a grievance. Owens responded with a copy of a grievance about his transfer that he swore he submitted in December 2012 and to which prison officials never responded. Acknowledging that he submitted this grievance almost a year after his transfer, he urged that it was timely because the officers refused to give him a grievance form earlier. Without conducting a hearing to weigh the competing stories, the district judge entered summary judgment for Funk. She reasoned that even if Owens had filed his grievance in December 2012, he had only 60 days from the transfer to file the grievance, and she did not believe his excuse about withheld grievance forms because he had filed another grievance earlier in 2012.

## III

We begin with Owens's claim against Funk under the Eighth Amendment for her alleged deliberate indifference in transferring him to Menard. He correctly argues that the district court prematurely entered summary judgment on exhaustion grounds. The district court rightly observed that Owens did not file his grievance within 60 days of his transfer, as Illinois code requires. *See* ILL. ADMIN. CODE tit. 20, § 504.810(a). But Illinois code also provides that late grievances will be considered if the inmate can demonstrate good cause. *Id*. And Owens argued to the district court that he did have good cause—he swears that the staff refused to give him the necessary form. The district judge did not properly assess, through a live hearing, Owens's sworn statement

that he submitted the grievance as soon as he could and never received a response. Her observation that Owens filed another grievance in 2012 did not obviate the need for a hearing because prison officials may have supplied him with only one grievance form. Funk concedes that this claim should be remanded for a hearing under *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Because "[a] swearing contest requires an evidentiary hearing to resolve, and none was held," *Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014), the case must go back to the district court on the issue of exhaustion.

That is as far as Owens can get on appeal, for we reject the rest of this contentions. Owens first argues that the district court should not have dismissed his claim that, beginning in 2008, officers in all four prisons conspired to obstruct his grievance and litigation pursuits. But as the district judge correctly observed, Owens has not alleged a plausible conspiracy. He points to only discrete, disconnected acts: 37 grievances, many unrelated to this case, that he filed across four institutions. He asserts that sometimes a defendant did not answer a grievance, sometimes another defendant responded inadequately, and other times different defendants denied him enough time in the law library to complete his filings. But he never alleges that the different officers among the four prisons who handled the grievances or arranged for library time over the years worked in concert, as he must for his conspiracy claim to be plausible. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). Thus, a claim based on an inter-prison, multi-year conspiracy fails.

Owens next contests the dismissal of nine claims as untimely. We note that timeliness is typically an affirmative defense, but a district judge may dismiss claims as untimely when the plaintiff pleads facts showing that he filed too late. *See Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). That is the case for eight of the nine dismissed claims. For these claims, which describe events at Big Muddy and Pinckneyville, Owens stated that he exhausted his administrative remedies by 2010. At that time, his two-year limitations period began to run. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). Yet Owens filed suit on these claims in 2014, at least two years too late, and he does not explain how the defendants prevented his timely filing of these particular claims. In the ninth claim, Owens asserts that prison officials at Menard violated prison rules when, after they put him in segregation, they denied him reading materials. He contends that this claim is timely because he exhausted administrative remedies in 2012; but even if he is right, the claim is meritless. A violation of prison rules does not, without more, offend the Constitution. *Fuller v. Dillon*, 236 F.3d 876, 880 (7th Cir. 2001).

Next, we reject Owens's argument that the district judge wrongly dismissed on the merits, or severed, other claims against Menard officials. First, he contends that he stated a claim against them for celling him with an inmate with a high "aggression rating" who stole his property. But the law does not recognize a liberty or property interest in a prisoner's cell assignment. *See DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992). His only potential claim is under the Eighth Amendment, but Owens did not state a claim under that theory. His cellmate has not harmed him, and theft or harm to *property* generally does not create a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). The district judge recognized that if his cellmate repeatedly stole his food, he might state a claim, but she told Owens that if he wished to pursue that claim, he must amend his complaint, sever it, and incur a separate filing fee. Owens did not do so. Nor did the district judge err in severing his claim that guards at Menard assaulted him. The judge appropriately complied with our instructions for dealing with Owens when he improperly joined unrelated defendants. *See Godinez*, 860 F.3d at 436; *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (explaining standard for severance).

Owens's argument that the district court erred in dismissing on the merits his claim against Pinckneyville officials for not placing him in protective custody also fails. Pinckneyville, a medium-security institution, does not have protective custody. *See* ILL. ADMIN. CODE tit. 20, § 501.310(a) (requiring only maximum-security facilities to maintain areas for protective custody). Owens contends that this feature violates his right to equal protection because inmates at more secure facilities, where protective custody exists, are treated more favorably. But differential treatment for inmates at prisons of different security levels is rational. "Indeed, to state the distinction is to furnish the justification: security." *Hammer v. Ashcroft*, 570 F.3d 798, 801 (7th Cir. 2009). In any case, inmates in lower-security prisons may receive protective custody by a transfer to another prison if protective custody is not available but is deemed necessary. (Owens was transferred for that purpose after an incident in 2005.)

That brings us to Owens's contention that the judge abused her discretion in denying his motion for counsel. We conclude that the judge did not err. Over Owens's long history of frequent litigation before the district court, he has demonstrated that he is sufficiently experienced and is capable of handling a case containing the issues that he has raised here. *See Pruitt v. Mote*, 503 F.3d 647, 658–60 (7th Cir. 2007) (en banc). For the same reason, we DENY Owens's second motion to reconsider this court's denial of his request for counsel on appeal.

We have considered Owens's other arguments, and none has merit or requires further discussion, but we close with two observations. First, we assure Owens that we did consider his reply brief, though it was filed three months late. Accordingly, we GRANT his motion to file the reply brief to the extent that we have considered the arguments therein. Finally, and as we mentioned at the outset, Owens has repeatedly disregarded our instructions (and subsequent warnings) about filing oversized complaints against dozens of unrelated defendants for unrelated wrongs. Because he appears to have violated those instructions in the district court, we invite the judge to consider on remand whether an appropriate sanction is warranted.

Accordingly, the judgment of the district court is VACATED and REMANDED on the transfer claim for further proceedings consistent with this order. The judgment of the district court is otherwise AFFIRMED.