**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2019[*]
Decided December 19, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-3568

| | |
|---|---|
| ROSCOE CHAMBERS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 17-cv-996-JPG-RJD |
| | |
| JAMES CROSS, *et al.,* | J. Phil Gilbert, |
| *Defendants-Appellees.* | *Judge.* |

## O R D E R

Roscoe Chambers, a federal prisoner, appeals the entry of summary judgment for prison officials on his claim that they were deliberately indifferent to his serious medical needs. The district court granted the defendants' motion because, among other

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P 34(a)(2)(C).

reasons, Chambers's claims were untimely. Because Chambers filed this suit after the statute of limitations expired, and there is no basis for tolling, we affirm.

Chambers was incarcerated at the Federal Correctional Institution in Greenville, Illinois, from July 2013 to June 2015. In September 2017, he sued Greenville's warden, healthcare administrator, three doctors, and a physician's assistant under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that they violated the Eighth Amendment through their deliberate indifference to his serious medical needs. According to the complaint, one doctor knowingly gave him medicine that he was allergic to and refused a referral for a knee-replacement surgery even though a specialist recommended it. Greenville's Health Services Administrator, a commissioned officer of the United States Public Health Service, helped block the surgery by forging a memorandum in another doctor's name stating that Chambers had to lose weight first. Chambers also blamed a physician's assistant for denying him the surgery and added that she inappropriately cut bony growths off his feet "like she was a surgeon," causing an infection. Finally, Chambers alleged that Greenville's warden omitted information about his medical needs in his transfer paperwork, causing him to end up at a non-medical federal prison.

The district court screened the complaint, *see* 28 U.S.C. § 1915A, and dismissed Chambers's claims against two of the doctors because he did not allege that they were involved in his treatment. (Chambers does not challenge this decision.) The remaining defendants generally denied the allegations and then moved for summary judgment based on statutory immunity, failure to exhaust administrative remedies, and the statute of limitations.

A magistrate judge issued a report and recommendation to grant the defendants' motions. Chambers objected to the report, but the district court overruled the objection and granted the motions for summary judgment on all three grounds. The court concluded that, under 42 U.S.C. § 233(a), the administrator was immune from a *Bivens* claim because she was a commissioned officer of the Public Health Service; therefore, Chambers's only remedy for her actions was a claim against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680. The district court also determined that Chambers had not exhausted his administrative remedies and that his claims were barred by the two-year statute of limitations borrowed from Illinois law. The district court gave Chambers 30 days to amend his complaint to allege a claim under the Federal Torts Claims Act. He instead moved to reconsider, but the court denied the motion and entered final judgment against him.

If the district court was correct about timeliness, then Chambers's claims against each defendant (to the extent they are subject to suit) fail, so we begin with that issue. Chambers argues that his *Bivens* claim was timely because it was filed within four years of his injury, but he cites Illinois's statute of *repose* for medical malpractice claims, 735 ILCS 5/13-212; in his view, his allegations are more analogous to those types of claims. For *Bivens* claims, however, we borrow the statute of *limitations* for personal-injury actions from the state where the alleged injury occurred, *see King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000), which in Illinois is two years, 735 ILCS 5/13-202; *see also Cesal v. Moats*, 851 F.3d 714, 721–22 (7th Cir. 2017).

Chambers did not file his lawsuit within this two-year deadline. Each day that the defendants allegedly knew of his serious medical needs but refused to treat him delayed the start of the limitations period. *Devbrow v. Kalu*, 705 F.3d 765, 770 (7th Cir. 2013). Therefore, at the latest, the statute of limitations began to run in June 2015, when Chambers was transferred away from Greenville and out of the defendants' care. *See Cesal*, 851 F.3d at 722. He did not sue until September 2017; his claims were thus untimely. Chambers counters that his injury is ongoing—he still has not received a knee-replacement surgery and remains incarcerated within a federal prison. However, the continuation of an injury alone does not postpone the period of limitations; rather, the clock begins "when the course of illegal conduct is complete." *See United States v. Spectrum Brands, Inc.*, 924 F.3d 337, 350 (7th Cir. 2019). Once Chambers left Greenville, any "course" of deliberate indifference by these defendants was "complete," as they were no longer personally responsible for his treatment decisions. *See Devbrow*, 705 F.3d at 769–70; *see also Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017) (liability for deliberate indifference requires personal involvement).

Chambers contends, alternatively, that his claims did not accrue until after the transfer, when staff at another prison informed him that he did not need to lose weight before having surgery, alerting him that the administrator at Greenville had "lied." The discovery rule does not apply here, however. Chambers's claims accrued when he had "enough information to suspect" that he was wrongfully denied surgery—here, when the defendants refused to follow the specialist's recommendation. *See Watkins v. United States*, 854 F.3d 947, 949 (7th Cir. 2017). That Chambers administratively complained about his medical treatment further confirms his awareness of the alleged misconduct.

If Chambers means to argue equitable tolling by asserting that he was improperly prevented from understanding how he was injured, s*ee Owens v. Godinez*, 860 F.3d 434, 438 (7th Cir. 2017), he waived that argument by failing to raise it in response to the summary-judgment motion, *see Haley v. Kolbe & Kolbe Millwork Co.*, 863 F.3d 600, 612 (7th Cir. 2017). He asserted for the first time in his motion for reconsideration that he realized only "after he left F.C.I. Greenville" that the healthcare administrator had "fabricated" the memorandum requiring pre-surgery weight loss. Further, the circumstances here do not permit tolling because Chambers knew of his injury, just not the extent of the defendants' wrongful conduct, while he was still at Greenville. *See Devbrow*, 705 F.3d at 768.

Chambers's other challenges are futile. He contends that the defendants' motions for summary judgment were untimely because the district court had already set a trial date. He did not raise this argument in the district court, and, in any case, he provides no authority for this proposition. Federal Rule of Civil Procedure 56(b) allows parties to move for summary judgment "at any time until 30 days after the close of discovery" unless the district court or a local rule sets a different time. Here, discovery had not yet closed when the defendants moved for summary judgment, they did so within the time set by the local rules, *see* SDIL-LR at v, and the district court had not set a different deadline. Therefore, the motions were timely.

We need not consider the other issues that Chambers raises—whether the administrator was entitled to immunity and whether he exhausted his administrative remedies (or was entitled to a hearing on the issue)—because the district court properly entered judgment for the defendants based on the statute of limitations. *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018).

AFFIRMED