**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 27, 2020*
Decided March 3, 2020

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2423

| | |
|---|---|
| AMOS FINANCIAL, LLC, *Plaintiff-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:14-cv-06688 |
| JOSEPH SNEED, *Defendant-Appellant,* | Charles R. Norgle, *Judge.* |

**O R D E R**

This is a successive appeal in a mortgage-foreclosure case. We dismissed the first appeal for lack of appellate jurisdiction. Now that the district court has entered a final appealable order, our jurisdiction is secure. Because the mortgagor's counterclaims

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

were properly dismissed, and he provides no ground for vacating the foreclosure judgement, we affirm.

Joseph Sneed defaulted on his mortgage, so Sequoia Financial, the holder of the promissory note and assignee of the mortgage, initiated foreclosure proceedings. After Sequoia transferred its interest in Sneed's loan to Amos Financial (a move that Sneed claims was invalid), the district court entered a judgment of foreclosure in favor of Amos and authorized the sale of the property and Sneed's eviction. Sneed appealed, but we dismissed for lack of appellate jurisdiction because the judgment was not final, *see* 28 U.S.C. § 1291: Sneed's counterclaims were never ruled on, and thus the case had not been resolved with respect to all claims against all parties. *See Amos Fin., LLC v. Sneed*, 755 F. App'x 583 (7th Cir. 2019). We concluded we could not review the merits of the foreclosure judgment until the counterclaims were resolved or the district court entered a partial final judgment under Federal Rule of Civil Procedure 54(b). *Id.* at 585.

Back in the district court, Amos moved under Rule 54(b) for the court to certify its order confirming the foreclosure sale as final. On April 23, 2019, the court granted the motion, making the judgment of foreclosure immediately appealable. *See* FED. R. CIV. P. 54(b). But Sneed did not appeal; instead, within two weeks, he moved to vacate the order certifying the foreclosure judgment for immediate appeal. He also asked the district court to clarify whether he needed to "refile" a notice of appeal. The district court summarily denied the motion on May 22, 2019, and further ordered Sneed to show cause why his counterclaims should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). Sneed responded to the show-cause order, and, at the district court's request, Amos also filed a brief on the status of the counterclaims. Sneed also moved twice—on June 5 and July 17—for an emergency stay of the sale of his home.

On July 22, 2019, the district court resolved all open matters. Construing Sneed's requests for an emergency stay as motions for relief from the foreclosure judgment, the court concluded that no extraordinary reason justified relief. *See* FED. R. CIV. P. 60(b)(6). The court noted that Sneed had been in a position to appeal the foreclosure judgment since its Rule 54(b) order of April 23. The court also dismissed Sneed's counterclaims for failure to prosecute, noting that they were three years old, that Sneed had not pursued them against the original counter-defendant, Sequoia, and that in the two years since Amos entered the case, he had not amended the counterclaims to name Amos, either.

On July 26, Sneed filed a notice of appeal that targeted the district court's July 22 order dismissing his counterclaims. In the notice, he also "move[d] the Appeals Court to consolidate the instant appeal, relative to the … dismissal of his counterclaims, with the earlier … initial appeal [of] the October of 2017, Order Confirming Report of Sale." Asking this court to "consolidate this instant Notice of Appeal with the original Notice of Appeal," Sneed noted that he "already filed his Brief and Reply Brief before the appeal was dismissed" for lack of jurisdiction. He later filed a separate motion to "consolidate" this appeal and his previous appeal from the foreclosure judgment; because the first appeal was already dismissed, however, this court ordered the consolidation motion "filed without further court action."

On appeal, Sneed primarily briefs the issue of the dismissal of his counterclaims for want of prosecution and largely overlooks the foreclosure judgment. We assume this is because Sneed believes he already had appealed the foreclosure judgment and could simply "consolidate" his earlier challenge because we never reached the merits of that appeal. But the appeal was fully addressed when we dismissed it for lack of jurisdiction; the mandate issued, and nothing remained to "consolidate." Therefore, to bring up the foreclosure judgment on appeal, Sneed was required to file a new notice of appeal once the district court entered the Rule 54(b) judgment on April 23, 2019. Even if we assume that his motion to reconsider on May 6 tolled the time for filing a notice of appeal, *see* FED. R. APP. P. 4(a)(4)(vi), that motion was ruled upon on May 22, and he did not file a notice of appeal within 30 days, *see* FED R. APP. P. 4(a)(1)(A).

Alternatively, however, we can treat Sneed's May 6 motion as a notice of appeal because it was filed within the original 30-day window for a notice of appeal and let Amos know about Sneed's intent to appeal the judgment—indeed, Sneed specifically sought guidance on how to appeal. *See Smith v. Barry*, 502 U.S. 244, 248–49 (1992) ("If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal."); *Owens v. Godinez*, 860 F.3d 434, 437 (7th Cir. 2017) ("An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." (citing FED. R. APP. P. 3(c)(4))). The district court could have construed Sneed's motion as a notice of appeal. That would get Sneed only so far, however. As we have noted, his briefs on appeal pertain to the dismissal of his counterclaims, and we cannot import arguments from the parties' briefs in the first appeal.

The one argument related to the foreclosure that we can discern from Sneed's brief in this appeal (which we consider in light of the May 6 "notice of appeal") is that

the district court incorrectly ruled on his affirmative defense that Sequoia (and now Amos) lacked standing to foreclose on the mortgage. According to Sneed, because Sequoia did not attach to the complaint a copy of the note, it did not establish that it was the true holder of the mortgage. In Illinois, standing is an affirmative defense that the defendant must prove. *See Parkway Bank & Tr. Co. v. Korzen*, 2 N.E.3d 1052, 1066 (Ill. App. Ct. 2013). At summary judgment, Amos presented the note, mortgage, assignments, and alonges that showed it owned the note. *See CitiMortgage, Inc. v. Sconyers*, 16 N.E.3d 124, 127 (Ill. App. Ct. 2014) ("CitiMortgage's possession of the original note together with the assignment of the mortgage … is prima facie proof that it is entitled to foreclose the note and mortgage."). In response, Sneed provided no evidence that the assignments were deficient or that Amos otherwise was not the true holder of the mortgage and note. Given the documentation that Amos provided to the district court once it became the plaintiff, the court properly determined that Amos had standing to initiate foreclosure.

Turning at last to the main subject of this appeal, we review for abuse of discretion the district court's dismissal of Sneed's counterclaims for want of prosecution. *See McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018). Sneed says little about the district court's reasoning, and we do not see an error in the decision. Dismissal for want of prosecution is justified when, among other reasons, there is a clear record of delay, the party is responsible for the delay, and the claims lack probable merit. *See id.* at 931–32; *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011). In the three years before the original appeal, Sneed, representing himself, did not pursue his counterclaims against Sequoia. Nor did he amend his counterclaims after Amos was substituted as the named plaintiff (if such substitution was appropriate—it is unclear whether the counterclaims targeted practices specific to Sequoia). And Sneed has not shown how his counterclaims might be meritorious. The district court did not abuse its discretion by dismissing Sneed's counterclaims for failure to prosecute.

AFFIRMED