NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2021[*]
Decided November 3, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1455

| | |
|---|---|
| TITUS HENDERSON, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of |
| | Wisconsin. |
| | |
| *v.* | No. 19-CV-748 |
| | |
| EDWARD WALL, *et al.*, | William E. Duffin, |
| *Defendants-Appellees*. | *Magistrate Judge*. |

## O R D E R

Titus Henderson, a Wisconsin prisoner, sued over two dozen Department of Corrections officials and prison staff members for various alleged violations of his

---

[*] The appellees were not served with process and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

constitutional rights at three facilities over two decades. See 42 U.S.C. § 1983. The district court dismissed the suit when Henderson ignored the district court's instruction to file an amended complaint that provided sufficient notice of which defendants committed which alleged acts. The dismissal was correct, and so we affirm, with a minor modification of the judgment.

In his first complaint, Henderson alleged that the defendants harassed, abused, and threatened him; imposed lengthy segregation sentences based on trumped-up disciplinary charges as punishment for filing grievances; and tampered with his communications. He also alleged that the state's grievance procedures were created to provide an opportunity for prison staff to retaliate against inmates who complain about staff misconduct. Henderson's claims spanned many years and multiple facilities. The complaint attributed most of the wrongful acts to a list of several named defendants, followed by "*et al.*"

The district judge who screened Henderson's complaint dismissed it without prejudice. See 28 U.S.C. § 1915A. The judge explained that it improperly advanced unrelated claims against multiple defendants and made conclusory allegations. The judge instructed Henderson to, among other things, specify who did what. Henderson amended the complaint, and this time, a magistrate judge presiding with the parties' consent, 28 U.S.C. § 636(c), screened it. The magistrate judge concluded that Henderson had failed to fix the problems identified in the first screening order. He dismissed the suit for failure to state a claim and assessed Henderson a "strike" under 28 U.S.C. § 1915(g). Henderson filed a motion to reconsider that the magistrate judge denied.

On appeal, Henderson argues that the dismissal of his amended complaint was improper. He contends that the magistrate judge erroneously faulted him for abridging the list of culpable parties using "*et al.*" and failed to notify him that doing so would result in dismissal. He adds that dismissal based on misjoinder of parties is improper, and so the magistrate judge should have severed his complaint into multiple actions or dropped some parties under Rule 21 of the Federal Rules of Civil Procedure.

Henderson's arguments are meritless. The magistrate judge did not dismiss his claim because he used "*et al.*" to truncate long lists of defendants. Rather, the magistrate judge correctly concluded that Henderson failed to state a claim because, by making allegations about large, indeterminate groups of defendants, he deprived them all of proper notice of what they were accused of doing. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Bank of America, N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). And,

contrary to Henderson's assertions, the first screening order notified him that he needed to clarify his allegations. Indeed, Henderson, who is an experienced litigator, has been warned before that broad allegations against groups of defendants do not pass muster. See *Henderson v. Walker*, No. 15-cv-417-jdp (W.D. Wis. May 24, 2017). Unrelated claims against different defendants belong in different lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Courts enforce that rule both to ensure manageable litigation and to prevent prisoners from dodging filing fees and the Prison Litigation Reform Act's three-strikes provision. § 1915(g); *George*, 507 F.3d at 607. We have urged district courts to "be alert" to this issue. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). In any event, the complaint here left no way for the magistrate judge to carve up the disparate claims among the many defendants, and so dismissal was proper.

Henderson also challenges the magistrate judge's decision to assess a strike under § 1915(g). He argues that abridging lists of defendants is not a statutory basis for a strike and adds that there is no evidence he intended to harass the defendants. But the magistrate judge was correct to note a strike upon dismissing for failure to state a claim, one of the grounds for a strike under § 1915(g). As the magistrate judge further explained in the order denying Henderson's motion to reconsider, a finding of intent to harass is not required if the suit was dismissed for failure to state a claim, rather than for being malicious. See *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

Still, we note—though Henderson does not—that the magistrate judge should not have included the strike in the judgment. See *Hill v. Madison Cnty., Illinois*, 983 F.3d 904, 906 (7th Cir. 2020). It was appropriate to note the strike in the order, but because the question was not whether Henderson had accumulated a third strike, the final determination rests with a future court. *Id.*

Henderson has earned an additional strike for this appeal, in which he presented no well-grounded argument that he stated a claim for relief. He risks sanctions from this court if he files similar appeals in the future.

We modify the judgment to remove the language about the strike, and as so modified, the judgment is AFFIRMED.